IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

MICHAEL B. BROOKS, )
)
    Plaintiff, )
)
v. ) CASE NO. 2:06CV764
)
DAIMLERCHRYSLER FINANCIAL )
SERVICES AMERICAS LLC, et al., )
)
    Defendants. )
)

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant, DaimlerChrysler Financial Services Americas LLC, by and through its counsel, hereby removes this action to the United States District Court for the Middle District of Alabama. As grounds for removal, Defendant avers as follows:

    1.    On to-wit July 24, 2006, the Plaintiff, Michael B. Brooks, filed a Complaint in this case entitled <u>Michael B. Brooks v. DaimlerChrysler Financial Services Americas, L.L.C. F/K/A Chrysler Financial Company, L.L.C.</u>, Case No. CV-2006-900006, in the Circuit Court of Montgomery County, Alabama. The Summons and Complaint in this case were served by certified mail on The Corporation Company, Defendant's agent for service of process in Alabama, on July 26, 2006. All process and pleadings served on the Defendant, the Summons and Complaint, were served on the Defendant on July 26, 2006, and are attached hereto and made a part hereof as Group Exhibit "1."

    2.    The Complaint seeks both compensatory and punitive damages against the Defendant for alleged negligence, wantonness, malicious prosecution, abuse of process, and

outrage allegedly occurring when Defendant allegedly committed acts to collect a debt from Plaintiff that Plaintiff did not owe to Defendant. The Plaintiff is seeking punitive damages and compensatory damages for *inter alia* alleged severe emotional distress suffered by Plaintiff and alleged intentional and malicious acts taken by Defendant against Plaintiff. Although the Plaintiff does not mention specifically the amount of damages being sought in the Complaint against the Defendant, the damages that may likely be awarded against Defendant if Plaintiff is successful on any of his claims in this lawsuit are greater than $75,000.00, exclusive of interest and costs, and the amount in controversy is therefore greater than $75,000.00. Similar cases where a consumer sued a business have been tried in Alabama courts and involved claims for compensatory and punitive damages have resulted in verdicts for the Plaintiffs greatly exceeding $75,000.00.[1/] Other similar cases claiming punitive damages in Alabama courts also show the amount in controversy in the instant case to be well above $75,000.00. For example, in Davis v. Associates, 1994 WL 127879 (LRP JURY) a Lowndes County jury awarded $33,000,000 in punitive damages; in Sperau v. Ford, 1994 WL 180700 (LRP JURY), a Lowndes County jury awarded $6,000,000 in punitive damages; in Gallant v. Prudential, 1994 WL 18079 (LRP JURY), a Barbour County jury awarded the two plaintiffs $25,000,000 in punitive damages; and, on August 8, 1994, the Circuit Court of Barbour County, Alabama, following a jury verdict entered $50,000,000 punitive, $5,000 compensatory, in the case of Johnson v. Mercury Finance

---

[1/] See Gallant v. Prudential Ins. Co. of N. Am., 1994 WL 180709 (LRP Jury) (Circuit Court, Barbour Cty., 1994) (plaintiff's verdict or $25.4 million in fraud action); Johnson v. Mercury Finance Co., 1994 WL 546665 (LRP Jury) (Circuit Court, Barbour Cty., 1994) (verdict of $50 million); McAllister v. Liberty Nat. Life Ins. Co., 1993 WL 764000 (LRP Jury) (Circuit Court, Mobile Cty., 1993) (plaintiff's verdict of over $1 million); Nicholas v. Norrell Health Care, Inc., 1993 WL 759796 (LRP Jury) (Circuit Court, Mobile Cty., 1993) (plaintiffs verdict of $340,000); Foster v. Life Ins. Co. of Ga., 1992 WL 693439 (LRP Jury) (Circuit Court, Mobile Cty., 1992) (plaintiff's verdict of $1.25 million); Barlow v. Union Mortgage Co., 1991 WL 446411 (LRP Jury) (Circuit Court, Lowndes Cty., 1991) (plaintiff's verdict of $6.1 million).

Co., et al., No. CV-93052. The Alabama Supreme Court has affirmed large punitive damage awards on numerous occasions. See, e.g., Lindblom v. Intercontinental Life Ins. Co., 598 So. 2d 886 (Ala. 1992) ($990,000 in punitive damages on fraud and bad faith claims); Union Mortgage Company, Inc. v. Bartow, 595 So. 2d 1335 (Ala. 1992) ($6,001,000 in punitive damages on claim of fraud); Allstate Ins. Co. v. Hilley, 595 So. 2d 873 (Ala. 1992) ($2,000,000 on claim of fraudulent misrepresentation); Smith v. States General Life Ins. Co., 592 So. 2d 1021 (Ala. 1992) ($250,000 in punitive damages on fraud claim); Fraser v. Reynolds, 588 So. 2d 448 (Ala. 1991) ($375,000 in punitive damages in case alleging fraud); United Companies Financial Corp. Inc. v. Brown, 584 So. 2d 470 (Ala. 1991) ($250,000 in punitive damages on claims of fraud and breach of contract); Standard Plan, Inc. v. Tucker, 582 So. 2d 1024 (Ala. 1991) ($500,000 in punitive damages on claim of bad faith); Fuller v. Preferred Risk Life Ins. Co., 577 So. 2d 878 (Ala. 1991) ($1,000,000 in punitive damages on claims of bad faith and fraud); Massachusetts Mutual Life Ins. Co. v. Collins, 575 So. 2d 1005 (Ala. 1990) ($750,000 where insured was allegedly fraudulently induced); Thomas v. Principal Financial Group, 566 So. 2d 735 (Ala. 1990) ($750,000 in punitive damages on claim of bad faith); F&S Facilities, Inc. v. Precision Chipper Corp., 565 So. 2d 54 (Ala. 1990) ($875,000 against independent insurance agent and $875,000 against managing general agent for insurer); Green Tree Acceptance, Inc. v. Standridge, 565 So. 2d 38 (Ala. 1990) ($475,000 against credit company); Land & Associates, Inc. v. Simmons, 562 So. 2d 140 (Ala. 1989) ($600,000 in punitive damages on claims of fraud and bad faith); Porter v. Hook, 554 So. 2d 382 (Ala. 1989) ($1,000,000 in punitive damages on claim for fraud); Health America v. Menton, 551 So. 2d 235 (Ala. 1989) ($1,797,588 in punitive damages on claim for fraud); Health America v. Menton, 551 So. 2d 235 (Ala. 1989) ($1,797,588 in punitive damages on claim for fraud); Vintage Enterprise, Inc. v. Take, 547 So. 2d 1169 (Ala. 1989)

($500,000 in punitive damages); State Farm Auto, Inc. v. Robbins, 541 So, 2d 477 (Ala. 1989) ($500,000 on claims of bad faith and fraud). Therefore, even though Plaintiffs herein fail to allege in the Complaint a specific amount in controversy, Plaintiffs' claims do involve an amount in controversy of greater than $75,000.00.

3.  Plaintiff is an individual resident citizen of Montgomery County, Alabama. See Complaint, ¶ 1. Defendant, DaimlerChrysler Financial Services Americas LLC, is a single member Limited Liability Company formed under the laws of the state of Michigan with its principal place of business in Michigan. The single member of the Defendant LLC is DaimlerChrysler Corporation, a corporation formed under the laws of Delaware, with its principal place of business in the state of Michigan. Thus, the Defendant is a citizen of the states of Delaware and Michigan.

4.  The Summons and Complaint attached hereto as Group Exhibit "1" was served on the Defendant (through its agent for service of process) on July 26, 2006, the first time Defendant had notice of this suit. Therefore, this Notice of Removal is being filed with this Court within thirty (30) days from the service of the Summons and Complaint on the Defendant.

5.  This action is properly removed to this Court under 28 U.S.C. § 1332 because there is complete diversity of citizenship between the named Plaintiff and the named Defendant, and the amount in controversy exceeds $75,000.00, excluding interest and costs.

6.  Defendant is filing a copy of this Notice of Removal with the Circuit Court of Montgomery County, Alabama and giving written notice to the adverse party pursuant to 28 U.S.C. § 1446(d).

        Respectfully submitted,

_____
C. Lee Reeves
Attorney for Defendant
DAIMLERCHRYSLER FINANCIAL SERVICES
AMERICAS LLC

**OF COUNSEL:**

**SIROTE & PERMUTT, P.C.**
2311 Highland Avenue South
Post Office Box 55727
Birmingham, AL 35255-5727
Tel.:  (205) 930-5100
Fax:  (205) 930-5335

## CERTIFICATE OF SERVICE

      I hereby certify that I have served a copy of the above and foregoing upon all counsel of record, by placing same in the U.S. mail, postage prepaid, and properly addressed on this the 23rd day of August, 2006, as follows:

    Christina D. Crow, Esq.
    Jinks, Daniel & Crow
    219 North Prairie Street
    Post Office Box 350
    Union Springs, AL  36089

    Joseph G. Stewart, Jr., Esq.
    Joseph G. Stewart, Jr., P.C.
    Post Office Box 911
    Montgomery, AL  36101-0911

_____
Of Counsel

**EXHIBIT "1"**

| State of Alabama<br>Unified Judicial System<br><br>Form C-34  Rev 6/88 | **SUMMONS**<br>- CIVIL - | Case Number:<br><br>03-CV-2006-900006.00 |
|---|---|---|

## IN THE CIVIL COURT OF MONTGOMERY, ALABAMA
## MICHAEL B. BROOKS v. DAIMLERCHRYSLER FINANCIAL SERVICES AMERICAS

**NOTICE TO**  DAIMLERCHRYSLER FINANCIAL SERVICES AMERICAS, C/O THE CORPORATION COMPANY

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF OR PLAINTIFF'S ATTORNEY CHRISTINA CROW
WHOSE ADDRESS IS 219 PRAIRIE STREET NORTH, UNION SPRINGS AL, 36089

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.
TO ANY SHERIFF OR ANY PERSONNEL AUTHORIZED by the Alabama Rules of the Civil Procedure:

☐ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant

☑ Service by certified mail of this summons is initiated upon the written request of  MICHAEL B. BROOKS
pursuant to the Alabama Rules of the Civil Procedure

7/24/2006 9:57:32 AM          /s MELISSA RITTENOUR                              _BW_
Date                          Clerk/Register                                    By

☑ Certified mail is hereby requested     /s CHRISTINA CROW
                                         Plaintiff's/Attorney's Signature

**RETURN ON SERVICE:**

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____

_____ in _____ County, Alabama on _____

_____                _____
Date                           Server's Signature



# AlaFile E-Notice

03-CV-2006-900006.00

To: DAIMLERCHRYSLER FINANCIAL SERVICES AMERICAS
C/O THE CORPORATION COMPANY
2000 INTERSTATE PARK DRIVE, SUITE 204
MONTGOMERY, AL 36109

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

MICHAEL B. BROOKS v. DAIMLERCHRYSLER FINANCIAL SERVICES AMERICAS
03-CV-2006-900006.00

The following complaint was FILED on 7/24/2006 9:57:32 AM

Notice Date:     7/24/2006 9:57:32 AM

MELISSA RITTENOUR
CIRCUIT COURT CLERK
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950
melissa.rittenour@alacourt.gov

| State of Alabama  Unified Judicial System  Form ARCiv-93  Rev.5/99 | COVER SHEET  CIRCUIT COURT - CIVIL CASE  (Not For Domestic Relations Cases) | Case Number:  03-CV-2006-900006.00  Date of Filing: 07/24/2006 | Judge Code: |
|---|---|---|---|

## GENERAL INFORMATION

**IN THE CIRCUIT OF MONTGOMERY COUNTY, ALABAMA**
**MICHAEL B. BROOKS v. DAIMLERCHRYSLER FINANCIAL SERVICES AMERICAS**

**First Plaintiff:** ☐ Business ☑ Individual ☐ Government ☐ Other

**First Defendant:** ☑ Business ☐ Individual ☐ Government ☐ Other

### NATURE OF SUIT:

**TORTS: PERSONAL INJURY**

- ☐ WDEA - Wrongful Death
- ☐ TONG - Negligence: General
- ☐ TOMV - Negligence: Motor Vehicle
- ☑ TOWA - Wantonnes
- ☐ TOPL - Product Liability/AEMLD
- ☐ TOMM - Malpractice-Medical
- ☐ TOLM - Malpractice-Legal
- ☐ TOOM - Malpractice-Other
- ☐ TBFM - Fraud/Bad Faith/Misrepresentation
- ☐ TOXX - Other: _____

**TORTS: PERSONAL INJURY**

- ☐ TOPE - Personal Property
- ☐ TORE - Real Property

**OTHER CIVIL FILINGS**

- ☐ ABAN - Abandoned Automobile
- ☐ ACCT - Account & Nonmortgage
- ☐ APAA - Administrative Agency Appeal
- ☐ ADPA - Administrative Procedure Act
- ☐ ANPS - Adults in Need of Protective Services

**OTHER CIVIL FILINGS (cont'd)**

- ☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/Enforcement of Agency Subpoena/Petition to Preserve
- ☐ CVRT - Civil Rights
- ☐ COND - Condemnation/Eminent Domain/Right-of-Way
- ☐ CTMP - Contempt of Court
- ☐ CONT - Contract/Ejectment/Writ of Seizure
- ☐ TOCN - Conversion
- ☐ EQND - Equity Non-Damages Actions/Declaratory Judgment/Injunction Election Contest/Quiet Title/Sale For Division
- ☐ CVUD - Eviction Appeal/Unlawfyul Detainer
- ☐ FORJ - Foreign Judgment
- ☐ FORF - Fruits of Crime Forfeiture
- ☐ MSHC - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
- ☐ PFAB - Protection From Abuse
- ☐ FELA - Railroad/Seaman (FELA)
- ☐ RPRO - Real Property
- ☐ WTEG - Will/Trust/Estate/Guardianship/Conservatorship
- ☐ COMP - Workers' Compensation
- ☐ CVXX - Miscellaneous Circuit Civil Case

**ORIGIN:** F ☑ INITIAL FILING   A ☐ APPEAL FROM DISTRICT COURT   O ☐ OTHER
R ☐ REMANDED   T ☐ TRANSFERRED FROM OTHER CIRCUIT COURT _____

**HAS JURY TRIAL BEEN DEMANDED?** ☐ Yes ☑ No

**RELIEF REQUESTED:** ☑ MONETARY AWARD REQUESTED ☐ NO MONETARY AWARD REQUESTED

**ATTORNEY CODE:** CRO064   7/24/2006 9:55:07 AM   /s CHRISTINA CROW

**MEDIATION REQUESTED:** ☐ Yes ☑ No ☐ Undecided

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

| | |
|---|---|
| MICHAEL B. BROOKS, )<br>)<br>PLAINTIFF, )<br>)<br>vs. )<br>)<br>DAIMLERCHRYSLER FINANCIAL )<br>SERVICES AMERICAS, L.L.C. F/K/A )<br>CHRYSLER FINANCIAL COMPANY, )<br>L.L.C., AND FICTITIOUS )<br>DEFENDANTS A, B, C, D, E, F, )<br>and G, said fictitious )<br>Defendants being those persons, firms, )<br>partnerships, or other business entities )<br>who acted either independently or in )<br>concert with others and/or as the agent )<br>or principal of the other named )<br>Defendants and/or who are the successor )<br>or predecessor in interest to the other )<br>named Defendants, who caused or )<br>contributed to cause the damages and )<br>injuries complained of herein by the )<br>Plaintiff, whose true and correct names )<br>are unknown to the Plaintiff at this time )<br>but which will be substituted by )<br>amendment when ascertained, )<br>)<br>DEFENDANTS. ) | CASE NO: CV-06-_____ |

## COMPLAINT

### STATEMENT OF THE PARTIES

1. The Plaintiff, Michael B. Brooks, is an adult resident citizen of Montgomery County, Alabama.

2. Defendant DaimlerChrysler Financial Services Americas, LLC F/K/A Chrysler Financial Company, L.L.C. is believed by the Plaintiff to be a foreign corporation whose address for service is The Corporation Company 2000 Interstate Park Drive Suite 204, Montgomery, Alabama 36109. At all times pertinent hereto, Defendant DaimlerChrysler Financial Services Americas was doing business in Montgomery

County, Alabama and is the successor in interest to the company known as Chrysler Credit and/or Chrysler Financial.

3.  Fictitious Defendants A, B, C, D, E, F, and G, said fictitious Defendants being those persons, firms, corporations, partnerships, or other business entities who acted either independently or in concert with others and/or as the agent or principal of the other named Defendants and/or who are the successor or predecessor in interest to the other named Defendants, who caused or contributed to cause the damages and injuries complained of herein by the Plaintiff, whose true and correct names are unknown to the Plaintiff at this time, but which will be substituted by amendment when ascertained.

## STATEMENT OF THE FACTS

4.  In late 2000, the Plaintiff began receiving phone calls at his house from a company identifying itself as Chrysler Credit. These phone calls were from various debt collectors and were attempting to collect for a vehicle purportedly purchased by the Plaintiff.

5.  Plaintiff informed a representative of Defendant DaimlerChrysler that he had not purchased a Chrysler vehicle and that he had not obtained any credit from DaimlerChrysler. Plaintiff also informed the representative that he had no knowledge of any DaimlerChrysler account.

6.  Defendant's representatives continued to call Plaintiff about the balance on the DaimlerChrysler account. Plaintiff continued to inform Defendant in these phone conversations that he did not have this account

7.  Defendant's representatives continued to harass the Plaintiff and his family, even calling his wife's restaurant and talking to his son about this purported debt. Finally the Plaintiff filed a complaint with the State of Alabama Office of Attorney General.

8.  After filing that complaint, in September of 2001, Chrysler Financial sent the Plaintiff a letter admitting that there had been a mistake and assuring the Plaintiff that there would be no more phone calls relating to this account.

9.  In July of 2004, the Defendants sued the Plaintiff for this debt.

10. The Plaintiff had to hire an attorney to get the case dismissed. Again, in August of 2004, the Defendants admitted that the Plaintiff owed no money to them.

11. Despite the knowledge that it was relying on false information, the Defendants continue to harass the Plaintiff and his family and have recently began to call him again for this debt.

12. As a result of the actions of the Defendant, the Plaintiff's good name and reputation has been severely injured, subjecting him to disgrace, ridicule, odium, and contempt by his fellow citizens. As a result of this, the quality of the Plaintiff's life has been severely diminished, he has suffered mental pain and anguish, and continues to suffer in this manner. He has been otherwise injured and damaged.

## COUNT I
## NEGLIGENCE/WANTONNESS

13. Plaintiff realleges paragraphs 1 through 12 of his complaint as if set out here in full.

14. The DaimlerChrysler defendants negligently and/or wantonly attempted to collect a debt from the Plaintiff that was not his debt.

15. The DaimlerChrysler defendants owed a duty to the Plaintiff and others to insure any credit extended was to the correct person and to verify the debt prior to continuing attempts to collect it from the Plaintiff.

16. The Defendant DaimlerChrysler owed a duty to the Plaintiff to insure that, once the mistake was identified in September of 2001, no further harassment would occur, including collection phone calls, contacting his relatives, and the lawsuit that was ultimately filed against him.

17. The DaimlerChrysler defendants negligently and/or wantonly started collection proceedings against the Plaintiff with knowledge that the Plaintiff was not the person who had obtained the credit and/or who had incurred a debt with the Defendant.

18. The DaimlerChrysler defendants negligently and/or wantonly supervised their agents and employees, including the attorney that filed the suit against the Plaintiff, so that they continued to harass the Plaintiff about a debt that was not his.

19. As a proximate result of the Defendant's conduct, Plaintiff was injured and damaged as set forth above.

## COUNT II
## MALICIOUS PROSECUTION

20. Plaintiff realleges paragraphs 1 through 19 of his complaint as if set out here in full.

21. The Defendants herein caused the present Plaintiff to be sued.

22. There was no actual or probable cause for the lawsuit because the Plaintiff did not owe any money to the Defendants and never had.

23. The Defendants maliciously, willfully, purposely, wantonly, and/or carelessly caused the prosecution to be instigated against the Plaintiff.

24. The lawsuit instigated by the Defendants was resolved in favor of the present Plaintiff.

25. As a result of the Defendants' conduct, the Plaintiff was injured and damaged as alleged above.

26. To the extent the Defendants' conduct was malicious, willful, wanton and/or careless, such conduct is such as to allow the imposition of punitive damages to punish these Defendants and to deter these Defendants and others similarly situated from committing such wrongful acts in the future.

## COUNT III
## ABUSE OF PROCESS

27. Plaintiff realleges paragraph 1 through 26 of his complaint as if set out here in full.

28. The Defendants herein maliciously and without probable cause instigated a civil action against the Plaintiff.

29. The Defendants caused these charges to be brought against the Plaintiff for an ulterior purpose.

30. The Defendants improperly used and, in fact, abused the legal process in the pursuit of the action against the Plaintiff.

31. As a result of the Defendants' conduct, the Plaintiff was injured and damaged as alleged above.

32. To the extent the Defendants' conduct was malicious, willful, wanton and/or careless, such conduct is such as to allow the imposition of punitive damages to punish these Defendants and to deter these Defendants and others similarly situated from committing such wrongful acts in the future.

## COUNT IV

## OUTRAGE

33. Plaintiff realleges paragraphs 1 through 32 of his complaint as if set out here in full.

34. Upon discovering that someone had obtained credit from the Defendants in his name, the Plaintiff informed the Defendant of the identity theft and that the person that they were calling was not the person that had obtained credit from the Defendants.

35. The Defendants continued to harass the Plaintiff despite knowledge that he did not owe any money to the Defendants.

36. Defendants wrongfully and recklessly caused Plaintiff to continue to suffer severe emotional distress as described above.

37. This wrongful conduct is so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency and to be regarded as atrocious and utterly intolerable in a civilized society.

38. As a proximate result of the outrageous conduct of the Defendant, Plaintiff was injured and damaged as described above.

WHEREFORE, premises considered, Plaintiff respectfully requests relief as follows:

A. Compensatory damages;
B. Punitive damages;
C. His costs in this action;
D. Such other relief as this Court may find appropriate.

Provided, however, that in no event does the Plaintiff seek a recovery in this action which would exceed $74,500.00, exclusive of interest and costs.

_____
Christina D. Crow (CRO064)
Attorney for Plaintiff

OF COUNSEL:

JINKS, DANIEL, & CROW, P.C.
219 North Prairie Street
Post Office Box 350
Union Springs, AL 36089
(334) 738-4225

JOSEPH G. STEWART, JR., P.C.
P. O. Box 911
Montgomery, AL 36101-0911
(334) 263-3552