IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED
2006 AUG 24  P 3: 45

| | |
|---|---|
| MICHAEL B. BROOKS, | ) |
| Plaintiff, | ) |
| v. | ) CASE NO. 2:06 CV 764 |
| DAIMLERCHRYSLER FINANCIAL SERVICES AMERICAS LLC, et al., | ) |
| Defendants. | ) |

## ANSWER OF DAIMLERCHRYSLER FINANCIAL SERVICES AMERICAS LLC

COMES the Defendant, DaimlerChrysler Financial Services Americas LLC (hereinafter "DCFS"), and files this Answer to the Complaint and each paragraph thereof, paragraph number by paragraph number, as follows:

### STATEMENT OF THE PARTIES

1.  DCFS is without knowledge of the allegations of paragraph 1 of the Complaint and hence demands strict proof thereof.

2.  DCFS denies the allegations of paragraph 2 of the Complaint and demands strict proof thereof.

3.  These allegations are not directed to DCFS.

### STATEMENT OF THE FACTS

4.  DCFS denies the allegations of paragraph 4 of the Complaint and demands strict proof thereof.

5.  DCFS denies the allegations of paragraph 5 of the Complaint and demands strict proof thereof.

6. DCFS denies the allegations of paragraph 6 of the Complaint and demands strict proof thereof.

7. DCFS denies the allegations of paragraph 7 of the Complaint and demands strict proof thereof.

8. DCFS denies the allegations of paragraph 8 of the Complaint and demands strict proof thereof.

9. DCFS denies the allegations of paragraph 9 of the Complaint and demands strict proof thereof.

10. DCFS denies the allegations of paragraph 10 of the Complaint and demands strict proof thereof.

11. DCFS denies the allegations of paragraph 11 of the Complaint and demands strict proof thereof.

12. DCFS denies the allegations of paragraph 12 of the Complaint and demands strict proof thereof.

## COUNT I

### NEGLIGENCE/WANTONNESS

13. For answer to paragraph 13 of the Complaint, DCFS realleges and incorporates all of its responses to paragraphs 1 through 12 above.

14. DCFS denies the allegations of paragraph 14 of the Complaint and demands strict proof thereof.

15. DCFS denies the allegations of paragraph 15 of the Complaint and demands strict proof thereof.

16. DCFS denies the allegations of paragraph 16 of the Complaint and demands strict proof thereof.

17. DCFS denies the allegations of paragraph 17 of the Complaint and demands strict proof thereof.

18. DCFS denies the allegations of paragraph 18 of the Complaint and demands strict proof thereof.

19. DCFS denies the allegations of paragraph 19 of the Complaint and demands strict proof thereof.

## COUNT II

## MALICIOUS PROSECUTION

20. For answer to paragraph 20 of the Complaint, DCFS realleges and incorporates all of its responses to paragraphs 1 through 19 above.

21. DCFS denies the allegations of paragraph 21 of the Complaint and demands strict proof thereof.

22. DCFS denies the allegations of paragraph 22 of the Complaint and demands strict proof thereof.

23. DCFS denies the allegations of paragraph 23 of the Complaint and demands strict proof thereof.

24. DCFS denies the allegations of paragraph 24 of the Complaint and demands strict proof thereof.

25. DCFS denies the allegations of paragraph 25 of the Complaint and demands strict proof thereof.

26. DCFS denies the allegations of paragraph 26 of the Complaint and demands strict proof thereof.

## COUNT III

## ABUSE OF PROCESS

27. For answer to paragraph 27 of the Complaint, DCFS realleges and incorporates all of its responses to paragraphs 1 through 26 above.

28. DCFS denies the allegations of paragraph 28 of the Complaint and demands strict proof thereof.

29. DCFS denies the allegations of paragraph 29 of the Complaint and demands strict proof thereof.

30. DCFS denies the allegations of paragraph 30 of the Complaint and demands strict proof thereof.

31. DCFS denies the allegations of paragraph 31 of the Complaint and demands strict proof thereof.

32. DCFS denies the allegations of paragraph 32 of the Complaint and demands strict proof thereof.

## COUNT IV

## OUTRAGE

33. For answer to paragraph 33 of the Complaint, DCFS realleges and incorporates all of its responses to paragraphs 1 through 32 above.

34. DCFS denies the allegations of paragraph 34 of the Complaint and demands strict proof thereof.

35. DCFS denies the allegations of paragraph 35 of the Complaint and demands strict proof thereof.

36. DCFS denies the allegations of paragraph 36 of the Complaint and demands strict proof thereof.

37. DCFS denies the allegations of paragraph 37 of the Complaint and demands strict proof thereof.

38. DCFS denies the allegations of paragraph 38 of the Complaint and demands strict proof thereof.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint, and each count thereof, separately and severally, fail to state a claim against DCFS upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Each of the Plaintiffs' claims are barred for reason of the applicable statute of limitations.

### THIRD AFFIRMATIVE DEFENSE

Each of Plaintiff's claims are barred for reason of res judicata.

### FOURTH AFFIRMATIVE DEFENSE

Each of Plaintiff's claims are barred for reason of settlement.

### FIFTH AFFIRMATIVE DEFENSE

Each of Plaintiff's claims are barred for reason of waiver.

## SIXTH AFFIRMATIVE DEFENSE

Each of Plaintiff's claims are barred for reason of estoppel.

## SEVENTH AFFIRMATIVE DEFENSE

Any award of punitive damages in this case would be in violation of the constitutional safeguards provided to this Defendant under the Constitution of the United States of America.

## EIGHTH AFFIRMATIVE DEFENSE

The claim for punitive damages, on its face and/or as applied in this case, is in violation of the Fifth Amendment of the Constitution of the United States; of the right to counsel provided by the Sixth Amendment of the Constitution of the United States; of the right to trial by jury of the Seventh Amendment of the Constitution of the United States; of the proportionality principles contained in the Eighth Amendment of the Constitution of the United States; of the Due Process Clause of the Fourteenth Amendment of the Constitution of the United States; and is improper under the federal common law and under applicable court rules and statutes for the following reasons, jointly and separately:

1.  There are no standards provided by applicable law for the imposition of punitive damages, and therefore, Defendant has not been put on notice and given the opportunity to anticipate punitive liability and/or the potential size of an award and to modify or conform its conduct accordingly.

2.  The procedures to be followed would permit an award of punitive damages against Defendant upon the satisfaction of a burden of persuasion (standard of proof) less than that applicable to the imposition of criminal sanctions for equal culpability.

3. The procedures to be followed would permit the award of multiple punitive damages for the same act or omission.

4. There are no provisions or standards for clear and consistent appellate review of any award of punitive damages against Defendant under present law.

5. The standards of conduct upon which punitive damages are sought against Defendant are vague and ambiguous.

6. The procedures used by this Court and the guidelines given to the jurors, jointly and separately, are overly vague and ambiguous for purposes of allowing awards of punitive damages.

7. The procedures used by the courts and guidelines given to jurors, jointly and separately, are vague and ambiguous and, thus, impermissibly allow jurors broad, unlimited, and undefined power to make determinations on their notions of what the law should be instead of what it is.

8. The procedures under which punitive damages are awarded and instructions used by the courts, jointly and separately, are vague and ambiguous and, thus, fail to eliminate the effects of, and to guard against, impermissible juror passion.

9. Present law does not provide for sufficiently objection and specific standards to be used by the jury in its deliberations on whether to award punitive damages and, if so, on the amount to be awarded.

10. Present law does not provide a meaningful opportunity for challenging the rational basis for, and any excessiveness of, any award of punitive damages.

11. Present law does not provide for adequate and independent review by the trial court and the appellate court of the imposition of punitive damages by a jury or of the amount of any punitive damages awarded by a jury.

12. The present procedures fail to provide a constitutional and reasonable limit on the amount of any punitive award against this Defendant.

13. The present procedures may permit the admission of evidence relative to punitive damages in the same proceedings during which liability is determined.

14. The present procedures permit the imposition of joint and several judgments against multiple co-defendants for different acts and different degrees of wrongdoing or culpability.

15. An award of punitive damages would compensate Plaintiff for elements of damage not otherwise recognized by applicable law.

16. There is no set of objective and/or definitive standards for determining the alleged reprehensibility of this Defendant's conduct complained of or that this Defendant could be aware that its said course of conduct may allow the imposition of punitive damages.

## NINTH AFFIRMATIVE DEFENSE

The award of punitive or extra-contractual damages on the basis of vicarious liability for the conduct of others violates the Fifth, Eighth, and Fourteenth Amendments of the United States Constitution.

## TENTH AFFIRMATIVE DEFENSE

The imposition of a punitive damages award in this case would deprive this Defendant of the right to equal protection under the laws provided in the Fifth and Fourteenth

Amendments of the Constitution of the United States for the following reasons, jointly and separately:

1. The procedures to be followed would permit the awarding of punitive damages against the Defendant upon the satisfaction of a burden of persuasion (standard of proof) less than the applicable standard in criminal cases for criminal sanctions involving similar or identical levels of culpability.

2. The absence of sufficiently specific and objective standards for the imposition of punitive damages fails to insure the equality of treatment between and among similarly situated civil defendants.

3. Punitive damages are penal in nature and Defendant, without procedural protection, is compelled to disclose documents and/or other evidence without constitutional safeguards against self-incrimination whereas persons charged under criminal provisions for acts or omissions of similar culpability are protected from being compelled to disclose documents and/or other evidence by constitutional procedures and safeguards available in criminal cases.

## ELEVENTH AFFIRMATIVE DEFENSE

The imposition of punitive damages in this case is unconstitutional under the Fifth and Fourteenth Amendments of the Constitution of the United States because punitive damages are penal in nature and Defendant is compelled to disclose documents and/or other evidence without constitutional safeguards against self-incrimination.

## TWELFTH AFFIRMATIVE DEFENSE

The imposition of punitive damages, or the determination of the amount of punitive damages, based in whole or in part in any way on any acts or omissions outside of the

State of Alabama would violate, separately and jointly, the Commerce Clause and the Fifth and Fourteenth Amendments of the United States Constitution.

### THIRTEENTH AFFIRMATIVE DEFENSE

The imposition of punitive damages, or the determination of the amount of punitive damages, based in whole or in part in any way on any acts or omissions outside the State of Alabama would violate, separately and jointly, the Commerce Clause and the Fifth and Fourteenth Amendments of the United States Constitution.

### FOURTEENTH AFFIRMATIVE DEFENSE

The Plaintiff is barred from recovering on any of their claims, separately and severally, any punitive damages claimed therein for reason that the recovery of punitive damages violates the Defendants' due process rights under the Fourteenth Amendment of the United States Constitution.

### FIFTEENTH AFFIRMATIVE DEFENSE

The Plaintiff is barred from recovering any punitive damages against the Defendant for reason that recovery of punitive damages from the Defendant in this case would violate the Defendant's substantive and/or procedural right to due process of law under the United States Constitution.

### SIXTEENTH AFFIRMATIVE DEFENSE

The Plaintiff is barred from recovering any punitive damages on any of their claims, separately and severally, against the Defendant for reason that recovery of punitive damages is a violation of the Defendant's constitutional rights for due process of law under the United States Constitution in that the standards for accessing punitive damages are so vague, ambiguous, and uncertain that the Defendant would be denied its protected constitutional rights.

## SEVENTEENTH AFFIRMATIVE DEFENSE

The Plaintiff is barred from recovering punitive damages against the Defendant for any of the Plaintiff's claims, separately and severally, for reason that the procedural due process rights of the Defendant are violated in that there are not adequate safeguards for appellate review of any award of punitive damages to protect the Defendant from having its constitutional rights violated relating to any award of punitive damages that might be rendered in this case.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff is barred from recovering punitive damages on any of Plaintiff's claims, separately and severally, against the Defendant in this case for reason that any award of punitive damages would violate the substantive due process rights of the Defendant under the United States Constitution because there is not sufficient guidance and instruction that could be given to a jury so that the jury might reach a rational decision on the imposition of any punitive damages, there is a lack of meaningful standards that govern punitive damages which means that a jury in this case would have almost unfettered discretion in awarding punitive damages, and/or the award of punitive damages against Defendant in this case would not have any reasonable relation to the injury inflicted and/or the conduct that caused the injury.

## NINETEENTH AFFIRMATIVE DEFENSE

The claims for punitive damages are barred because Plaintiff is attempting to support an award of punitive damages based in part on conduct which has occurred outside the State of Alabama, and which relates to customers of this Defendant who are not residents of the State of Alabama. For this reason, Plaintiff's claims for punitive damages violate the Commerce

Clause of the United States Constitution, the Due Process Clause of the United States Constitution and the Equal Protection Clause of the United States Constitution.

### TWENTIETH AFFIRMATIVE DEFENSE

The Plaintiff is barred from recovering punitive damages in this case because there is no reasonable relationship between any punitive damages award that could be made in this case and the harm likely to result from the Defendant's conduct as well as the harm that actually has allegedly occurred to Plaintiff.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

An award of punitive damages against the Defendant is barred because the possible award of punitive damages against the Defendant in this case would be an unreasonable and unconstitutional restriction and burden on interstate commerce which was involved in the transaction made the basis of this suit. To allow the threat or possibility of punitive damages to be imposed against the Defendant in this case would be an unconstitutional restraint or burden on interstate commerce by allowing the threat of punitive damages to be used as a means of imposing overly restrictive policies on the Defendant.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Punitive damages cannot be awarded in this case without violating the basic guarantee of nonarbitrary governmental behavior guaranteed under the Due Process Clause of the United States Constitution.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

If multiple punitive damage awards were assessed against this Defendant, it would violate the Constitutions of the United States of America and the State of Alabama, violating this Defendant's rights to due process and to a jury trial and against double jeopardy.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

The claims for punitive damages against this Defendant are barred for reason that Plaintiff cannot produce clear and convincing evidence sufficient to support or sustain the imposition of punitive damages against this Defendant.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

The claims for punitive damages against this Defendant are barred for reason that any claims for punitive damages are based on Defendant's alleged acts that do not rise to the level of or warrant sanctions or punitive damages by this Court for the same reasons that are set forth in the principles of law established under the rationale of the case of BMW of North America, Inc. v. Gore, 517 U.S. 559, 572 (1996) and State Farm Mutual Automobile Ins. Co. v. Campbell, 538 U.S. 408 (2003), and it would violate the Fourteenth Amendment of the United States Constitution and the Commerce Clause of the United States Constitution to impose punitive damages or sanctions on this Defendant under the circumstances of this case.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

Without waiving any attorney-client communication privilege, and specifically reserving that privilege, Plaintiff's claims for malicious prosecution and abuse of process are barred for reason that an independent attorney for this Defendant made the decision/advice to file the Summons and Complaint on behalf of Defendant which Plaintiff now alleges was served on him and which is the basis for Plaintiff's claims against Defendant in this case.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred for reason of state/county governmental discretionary immunity since any summons and complaint filed in another lawsuit on behalf of Defendant, and

made the subject of Plaintiff's claims herein, was filed against another person and allegedly served incorrectly by the county sheriff or other governmental official on the Plaintiff.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred for reason of an intervening and superseding cause, other than Defendant, which resulted in the alleged wrongs made the subject of Plaintiff's claims.

Respectfully submitted,

_____
C. Lee Reeves
Attorney for Defendant
DAIMLERCHRYSLER FINANCIAL SERVICES
AMERICAS LLC

**OF COUNSEL:**

**SIROTE & PERMUTT, P.C.**
2311 Highland Avenue South
Post Office Box 55727
Birmingham, AL 35255-5727
Tel.:  (205) 930-5100
Fax:   (205) 930-5335

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the above and foregoing upon all counsel of record, by placing same in the U.S. mail, postage prepaid, and properly addressed on this the 24th day of August, 2006, as follows:

Christina D. Crow, Esq.
Jinks, Daniel & Crow
219 North Prairie Street
Post Office Box 350
Union Springs, AL 36089

Joseph G. Stewart, Jr., Esq.
Joseph G. Stewart, Jr., P.C.
Post Office Box 911
Montgomery, AL 36101-0911

_____
Of Counsel